AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| | |
|---|---|
| CARL MCINTOSH <br><br> *Plaintiff(s)* <br> v. <br> JANE EUGENE a.k.a. JANE PETERS <br> and John and Jane Does 1-99, <br><br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Jane Eugene a.k.a. Jane Peters
4322 Wilshire Boulevard, Suite 200
Los Angeles, California 90010-3792

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Law Office of LeRoi C. Johnson PLLC
LeRoi C. Johnson, Esq.
leroilaw@aol.com
181 Franklin Street, Suite 320
Buffalo, New York 14202
T: (716) 885-5553 F: (716) 852-3641

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARL MCINTOSH,

        Plaintiff(s),

vs.

JANE EUGENE a.k.a. JANE PETERS
and John and Jane Does 1-99,

        Defendant(s).

**COMPLAINT**

Index No.

For its Complaint, Plaintiff alleges as follows:

1. This is an action under the Trademark Laws of the United States, Title 15 U.S.C. § 1051, et seq., for trademark infringement pursuant to §32 of the Trademark Act of 1946 (the Lanham Act), as amended, 15 U.S.C. § 1114, and for Unfair Business Practice arising under New York Business and Professions Code § 17200 et seq., New York General Business Law Section 349, 350, Deceptive Practices Act, False Advertising.

## The Parties

2. Plaintiff CARL MCINTOSH is a musical artist who has sold musical compositions, LPs, CDs and otherwise under the name "Loose Ends" since 1980, having offices at 45 Brockley Park, Forest Hill London SE23 1PT United Kingdom. ("Loose Ends").

3. Upon information and belief, Defendant JANE EUGENE, et al (hereinafter "Jane Peters") is an artist organized and existing under the laws of the State of California, having offices at 4322 Wilshire Boulevard, Suite 200 Los Angeles California 90010.

5. The true names and capacities of Defendant Does 1-99 inclusive, are unknown to Carl McIntosh, who therefore sues them by such fictitious names. Carl McIntosh will seek leave to amend this complaint to allege their true names and capacities when they have been ascertained.

1

Carl McIntosh is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and that Carl McIntosh's damages as herein alleged were proximately caused by those Defendants. At all times herein mentioned, Defendants DOES 1-99 inclusive were the agents, servants, employees or attorneys of their co-defendants, and in doing the things hereinafter alleged were acting within the course and scope of their authority as those agents, servants, employees or attorneys, and with the permission and consent of their co-defendants.

## Jurisdiction and Venue

5.     The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1338(a) as a federal court shall have original jurisdiction of any civil action arising under any act of Congress or question pertaining to trademarks. This Court has related claim jurisdiction over the state law claim pursuant to U.S.C. § 1338(b) and 28 U.S.C. § 1367.

6.     Venue is proper in this judicial district as Defendants reside here, having committed acts of infringement and thus subject to personal jurisdiction in this judicial district, pursuant to 28 U.S.C. § 1391(b), (c).

## Background Facts

7.     Carl McIntosh has been engaged in the business of music writing, producing, touring and selling recordings in the U.S. and elsewhere since 1980, primarily for the sale of recordings, touring and audio/visual reproductions of recordings worldwide. Carl McIntosh's innovative singing, writing, producing and performing has drawn fans worldwide.

8.     Since long prior to the acts of Defendants herein alleged, Carl McIntosh has continually used "Loose Ends" in interstate and intrastate commerce and worldwide, in connection with its

2

advertising, promotion, marketing and sales offering to provide and providing of its music and other related products.

9. Loose Ends has offered its music under its name, the name having continuously appeared on Loose End's advertising and on records themselves and packaging for the products, in catalogs, advertising and promotions. Loose Ends has extensively used and promoted the name such that it is closely identified with the music and intellectual property of Carl McIntosh and has gained widespread recognition among its fans and listeners.

10. Plaintiff is the owner of federal registration U.S. Registration No. 5337684 and International Registration No. 1344996 for music. The filing date of the trademark was December 2, 2016 and it was published for opposition on September 5, 2017. See Exhibit A.

11. The registered trademarks of Carl McIntosh "Loose Ends" are valid and subsisting, and prima facie evidence of Carl McIntosh's exclusive right to use said marks in commerce throughout the United States on the goods specified therein and other goods and services related thereto.

12. As a result of the care and skill exercised by Carl McIntosh in the conduct of its business, the high quality of Carl McIntosh's products offered under it's named, and the long running advertising, sale and promotion of Carl McIntosh's products bearing the same, the name has acquired secondary meaning.

13. Recently Carl McIntosh became aware of Defendant Jane Peters use of the trademarked name "Loose Ends" for concerts and promotion in the U.S. See Exhibit B. The "Loose Ends" name appears on concert advertising.

14. Jane Peters has used the term "Reunion Tour" and has used pictures of the original group that includes Mr. McIntosh to deceptively market Jane Eugene as "Loose Ends".

15. The use of "Loose Ends", Carl McIntosh's registered trademark, particularly for concerts having the same name, is likely to cause confusion, mistake or deception, as those concert goers may assume, at least initially, that their product is in some way sponsored, endorsed approved by or connected with Loose Ends when in fact it is not.

16. On September 2, 2021 Carl McIntosh directed counsel to speak to Jane Peters' manager David Lombard about the unauthorized use of Loose Ends (see Exhibit C). No satisfactory response was received.

17. On or about September 2, 2021 counsel for Mr. McIntosh telephoned manager David Lombard regarding Jane Peters' trademark infringement. See Exhibit D.

18. On September 28, 2021 Jane Peters filed a copyright registration for "Loose Ends featuring Jane Eugene" through attorney Donald K. Wilson, Jr. See Exhibit E.

19. Upon information and belief, Jane Peters performed the aforesaid acts with wrongful purposes and knowledge to inappropriately trade upon Loose Ends' goodwill including using Loose Ends name to draw attention to their events.

20. Jane Peters has also used "Loose Ends featuring Jane Eugene", which is also a trademark infringement as it caused fans to believe that Jane Peters is with "Loose Ends".

21. Loose Ends is wholly associated with Carl McIntosh due to its use thereof, and as such Carl McIntosh is deserving of having its name adequately protected with respect to the conduct of its business.

22. Jane Peters has performed in Buffalo, New York and Los Angeles, California and other unknown locations throughout the U.S. using "Loose Ends". Jane Peters' use of the trademarked "Loose Ends" has severely limited the trademark owner from touring in the United States. Most recently, an offer was withdrawn as a result of Ms. Peters' use of the trademark "Loose Ends".

23. On October 11, 2021 Jane Peters filed for trademark using "Jane Eugene's Loose Ends". See Exhibit E.

24. Counsel for Mr. McIntosh has repeatedly spoken with Mr. Lombard regarding Ms. Peters' use of "Loose Ends".

25. On February 21, 2022, plaintiff's counsel served, by certified mail, an additional stop and desist letter to Mr. Lombard and Mr. Wilson. No response has been received from either party. See Exhibit F.

## Count I

## Trademark Infringement Under Federal Law

## (Against All Defendants)

18. Carl McIntosh incorporates by reference the allegations contained in paragraphs 1-25 of this Complaint and incorporates them herein.

19. By the aforesaid acts, Jane Peters infringed upon Carl McIntosh's federal trademark rights described by its trademark registration, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

20. Upon information and belief, Jane Peters' acts have been willful and in conscious disregard of the trademark rights of Carl McIntosh.

21. Carl McIntosh is entitled to damages including for diverted concert revenues and sales subject to proof at trial.

22. Carl McIntosh has suffered, is suffering, and will continue to suffer irreparable injury for which Carl McIntosh has no adequate remedy at law.

23. Carl McIntosh is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendant's further infringement.

## Count II

## New York Unfair Competition GBL § 349

## (Against All Defendants)

24. Carl McIntosh incorporates by reference the allegations contained in paragraphs 1-23 of this Complaint and incorporates them herein.

25. Jane Peters actions discussed herein constitute unfair competition under the meaning of New York Business and Professions Code § 17200 et seq.

26. These wrongful acts have caused and will continue to cause Carl McIntosh substantial injury that is both imminent and irreparable, and the amount of damage sustained will be difficult to ascertain if these acts continue; Carl McIntosh has no adequate remedy at law.

27. Carl McIntosh is entitled to restitution, in that Defendant must disgorge its profits and ill-gotten gains for having infringed Plaintiff's registered name.

28. Since 1990, Carl has been recording as Loose Ends. Jane Peters abandoned the group and the name.

29. Pursuant to New York General Business Obligations Code § 17203, Carl McIntosh is entitled to preliminary and permanent injunctive relief ordering Jane Peters to cease this unfair competition.

WHEREFORE, Carl McIntosh prays for judgment:

A) that Jane Peters and its officers, agents, servants, employees, attorneys, managers and all persons in active concert or participating with any of them be preliminarily and thereafter permanently enjoined from using the terms "Loose Ends" or "Loose Ends Featuring Jane Eugene", etc….. or colorable imitations thereof, in any manner for concerts, musical recordings,

promotion, advertising and marketing, related goods such as promotions, advertising, marketing of music related products, clothing or other wearable articles, or advertising for such goods;

B) for damages and enhanced damages subject to proof;

C) that Jane Peters be ordered to pay all costs and expenses incurred by Carl McIntosh associated with this action pursuant to 15 U.S.C. § 1117(a) including reasonable Attorneys' fees; and,

D) for such other and further relief the Court may deem just and proper.

Dated: Buffalo, New York
       March 25, 2022

By: _____
LeRoi C. Johnson, Esq.
*Attorney for the Plaintiff*
Law Office of LeRoi C. Johnson PLLC
181 Franklin Street, Suite 320
Buffalo, New York 14202
(716) 885-6883