UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CARL MCINTOSH,

                            Plaintiff,

v.

JANE EUGENE a.k.a. JANE PETERS and John
and Jane Does 1-99,

                            Defendants.

**VERIFIED ANSWER WITH COUNTERCLAIMS**

Civ. Action No. 1:22-cv-00248-JLS

---

Defendant, Jane Eugene a.k.a. Jane Peters, ("Jane Eugene" or "Defendant") by and through her attorneys Gross Shuman P.C. (B. Kevin Burke, Jr., of counsel), for her Answer to the Complaint in this action, (the "Complaint") of Plaintiff Carl McIntosh ("Plaintiff") states as follows:

1.      Denies the allegations contained in paragraph 1 of the Complaint.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint.

3.      With regard to allegations in paragraph 3 of the Complaint, Jane Eugene admits she is a performing and recording artist and composer with an address at 4322 Wilshire Boulevard, Suite 200, Los Angeles, California, 90010, and denies the remaining allegations thereof.

4.      *Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first paragraph 5 (on page 1) of the Complaint.

5.      *Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second paragraph 5 (on page 2) of the Complaint.

---

\* Jane Eugene is responding pursuant to the erroneous and/or duplicative numbering used by Plaintiff in the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Denies the allegations that Plaintiff has since 1980 or at any time since 1999, been performing or touring in the U.S., and further denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Denies the allegations contained in paragraph 9 of the Complaint.

10. Admits the allegations contained in paragraph 10 of the Complaint, which alleges that Plaintiff currently owns U.S. Trademark Registration No. 5337684, which registration speaks for itself, and denies knowledge or information sufficient to form a belief as to the remaining allegations thereof.

11. Denies the allegations contained in paragraph 11 of the Complaint.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Admits filing a U.S. Service mark application for "Loose Ends featuring Jane Eugene" and denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Denies the allegations contained in paragraph 19 of the Complaint.

20.     Admits that Jane Eugene has used "Loose Ends", "Loose Ends featuring Jane Eugene" and/or "Jane Eugene (formerly of Loose Ends)" to perform and promote her performances, but denies the remaining allegations set forth in paragraph 20.

21.     Denies the allegations contained in paragraph 21 of the Complaint.

22.     Responding to the allegations in paragraph 22, states that she has performed in the U.S. using "Loose Ends", "Loose Ends featuring Jane Eugene" and/or "Jane Eugene (formerly of Loose Ends)", but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said paragraph.

23.     Admits that she filed a U.S. Service Mark Application in Class 041 for "Jane Eugene's Loose Ends" on an intent to use basis, Serial No. 97069133, and denies the remaining allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient as to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Denies knowledge or information sufficient as to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

## COUNT I

### (Trademark Infringement under Federal Law)

18.     *Repeats and realleges her responses to the allegations of paragraphs 1 through 25 of the Complaint.

19.     *Denies the allegations contained in paragraph 19 under Count I of the Complaint.

20.     *Denies the allegations contained in paragraph 20 under Count I of the Complaint.

21.     *Denies the allegations contained in paragraph 21 under Count I of the Complaint.

---

* Jane Eugene is responding pursuant to the erroneous and/or duplicative numbering used by Plaintiff in the Complaint.

22. *Denies the allegations contained in paragraph 22 under Count I of the Complaint.

23. *Denies the allegations contained in paragraph 23 under Count I of the Complaint.

## COUNT II

### New York Unfair Competition GBL §349 (Against All Defendants)

24. *Repeats and realleges her responses to the allegations of paragraphs 1 through 23 of the Complaint.

25. *Denies the allegations contained in paragraph 25 under Count II of the Complaint.

26. *Denies the allegations contained in paragraph 26 under Count II of the Complaint.

27. *Denies the allegations contained in paragraph 27 under Count II of the Complaint.

28. *Denies the allegations contained in paragraph 28 under Count II of the Complaint.

29. *Denies the allegations contained in paragraph 29 under Count II of the Complaint.

30. Otherwise denies any other remaining allegations in the Complaint not previously admitted, denied, or otherwise responded to, above.

### FIRST AFFIRMATIVE DEFENSE

### (Fair Use of the "Loose Ends" Mark pursuant to 15 U.S.C. §1115(b)(4))

31. Plaintiff's claims for relief asserted in the Complaint are barred, in whole or in part, by the "Fair Use" Doctrine pursuant to Section 107 of the Trademark Act.

---

* Jane Eugene is responding pursuant to the duplicative numbering used by Plaintiff in the Complaint.

32. Any use by Jane Eugene of the "Loose Ends" name, mark, and style for entertainment services has been a descriptive fair use, as the "Loose Ends" name, mark, and style is necessary to identify Jane Eugene's entertainment services.

33. Jane Eugene's use of "Loose Ends", "Loose Ends featuring Jane Eugene" and/or "Jane Eugene (formerly of Loose Ends)" for her entertainment services constitutes a permissible, nominative fair use.

## SECOND AFFIRMATIVE DEFENSE

### (Abandonment of Mark pursuant to 15 U.S.C. §1127)

34. The claims asserted in the Complaint are barred, in whole or in part, as Plaintiff has abandoned any and all rights in the "Loose Ends" name, mark, and style by non-use of the "Loose Ends" name, mark, and style for entertainment services in the U.S. with the express/implied intent not to resume its use.

35. The claims asserted in the Complaint are barred, in whole or in part, on the grounds that Plaintiff failed to police the name, mark, and style of "Loose Ends" and the use of it by Jane Eugene and/or others for entertainment services.

## THIRD AFFIRMATIVE DEFENSE

### (Fraud in the Procurement of Trademark Registration)

36. Upon information and belief, the Plaintiff's claims against Jane Eugene are barred in part on the grounds that Plaintiff obtained his federal registration of trademark fraudulently, and Plaintiff's trademark registration is subject to cancellation.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

37. The Complaint fails to state facts sufficient to constitute a claim upon which relief against Jane Eugene can be granted.

## FIFTH AFFIRMATIVE DEFENSE

### (Defendant's Priority of Use)

38. Upon information and belief, Jane Eugene is the senior user of the name, mark, and style of "Loose Ends" for entertainment services in the U.S. as she first used the mark alone in commerce in the U.S. for entertainment services as early as 1998, and she continuously used the mark for entertainment services, whereas Plaintiff has not used the mark for entertainment services in the U.S. since 1998 except at Jane Eugene's invitation.

39. Jane Eugene has priority in use of the mark "Loose Ends" in the U.S. for entertainment services as her use precedes Plaintiff's first use of the mark in commerce in the U.S.

## COUNTERCLAIMS

Defendant and Counterclaim Plaintiff Jane Eugene ("Jane Eugene" or "Defendant"), by her undersigned counsel, for her counterclaims against Plaintiff Carl McIntosh ("Carl McIntosh" or "Plaintiff") alleges:

## THE PARTIES

40. Jane Eugene is a performing and recording artist and composer with an address at 4322 Wilshire Boulevard, Suite 200, Los Angeles, California, 90010.

41. Upon information and belief, Carl McIntosh is a musical artist, having offices at 45 Brockley Park, Forest Hill London SE23 1PT United Kingdom.

## JURISDICTION AND VENUE

42. This Court has subject matter jurisdiction over Jane Eugene's counterclaims under 28 U.S.C. §1367(a) because they are so related to Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

43. Venue is proper in this judicial district by reason of Plaintiff's commencement of this action in this judicial district, pursuant to 28 U.S.C. §1391(b), (c).

## NATURE OF ACTION

44. This is an action against Carl McIntosh for the cancellation of Carl McIntosh's federal registration of the trademark mark "Loose Ends", Registration No. 5337684, pursuant to Section 37 of the Lanham Act, 15 U.S.C. §1119; and for tortious interference with Jane Eugene's contractual and business relations and obligations pursuant to the common law of the State of New York.

## FACTS

45. Jane Eugene was an original founding member of the R&B band "Loose Ends", alongside Carl McIntosh and Steve Nichol, which was formed in 1980 in London, England. "Loose Ends" had numerous hit records in England and the United States.

46. The original band "Loose Ends" split up due to differences among the group.

47. Jane Eugene moved to the United States in 1990 and has been performing since that time all over the United States as "Loose Ends", "Loose Ends featuring Jane Eugene" and/or "Jane Eugene (formerly of Loose Ends)", all with Carl McIntosh's knowledge.

48. Upon information and belief, throughout the 1990's up until the end of 2006, Carl McIntosh occasionally performed with the Jane Eugene and "Loose Ends" on and off in the United States for various performances at the invitation of Jane Eugene

49. Upon information and belief, Carl McIntosh has not performed with Jane Eugene or as a member of "Loose Ends" in the United States since 2006.

50. Upon information and belief, Carl McIntosh agreed to perform with "Loose Ends" and Jane Eugene in 2006 at B.B. Kings in Universal City, California for two shows at the

invitation of Jane Eugene, but only performed in one show, backing out prior to the second "Loose Ends" performance, which proceeded without him.

51.     Upon information and belief, Carl McIntosh agreed to perform with Jane Eugene and "Loose Ends" for two shows, at the Essence Music Festival in Houston, Texas in 2006 at the invitation of Jane Eugene, backing out prior to the "Loose Ends" performance, which proceeded without him.

52.     On April 5, 2006, Marilyn Batchelor, an associate of Jane Eugene, filed for the Federal registration of the service mark "Loose Ends" for entertainment services in Class 041, Serial No. 78855006. She was granted a federal service mark registration in Class 041 for entertainment services on May 20, 2008, U.S. Registration No. 3431220. Marilyn thereafter licensed the "Loose Ends" service mark for entertainment services to Jane Eugene, and otherwise permitted its use solely by Jane Eugene.

53.     Jane Eugene has continued to perform all over the United States as "Loose Ends", "Loose Ends featuring Jane Eugene", and/or "Jane Eugene (formerly of Loose Ends)" with permission from Marilyn to use the service mark.

54.     The Federal registration of Marilyn Batchelor's service mark was cancelled in 2014 due to her inadvertent failure to make filings to maintain her rights in the service mark.

55.     Upon information and belief, in 2016, Carl McIntosh filed for International trademark registration for the mark "Loose Ends" in Class 09, a goods classification, in the United Kingdom.

56.     Upon information and belief, based solely upon the International Registration, Carl McIntosh obtained Federal registration of the mark "Loose Ends" in Class 09, a goods classification, in the United States on November 21, 2017, Registration No. 5337684. Class 09 is not an entertainment services classification.

57. In 2017, Jane Eugene invited Carl McIntosh to perform with "Loose Ends" at the Capital Jazz Festival, but he claimed he was unable to come into the United States. Jane Eugene performed at the Festival as "Loose Ends" in 2017 without Carl McIntosh.

58. Upon information and belief, on July 4, 2017, Carl McIntosh filed for Federal registration of the service mark "Loose Ends" in Class 41 for entertainment services, Serial No. 87515461, but he was refused registration because he couldn't provide the necessary specimens that demonstrated that he actually performed as "Loose Ends" in the United States.

59. Upon information and belief, Carl McIntosh made false representations on his service mark application on July 4, 2017, Serial No. 87515461, when he signed the declaration affirming that he believes he is the owner of the service mark sought to be registered; that the mark is in use in commerce in connection with the services in the application; and that he believes that "no other persons, except if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive".

60. Upon information and belief, Carl McIntosh was fully aware of Jane Eugene's longtime, and active use of the name, mark, and style "Loose Ends" for live performances in the U.S. at the time he filed U.S. service mark application, Serial No. 87515461, and he knew the representation on the service mark application was false at the time it was made.

61. Carl McIntosh filed the application based on his false claim of his actual use of the "Loose Ends" service mark in commerce under Section 1(a) of the Lanham Act, 15 U.S.C. §1051(a), although no such use had been made by him for over ten (10) years in the U.S.

62. Upon information and belief, Carl McIntosh has not performed in the United States with "Loose Ends" since 2006, and any performances were with, and at the invitation of, Jane Eugene.

63. Carl McIntosh abandoned his service mark application for "Loose Ends" in Class 041 for entertainment services on April 6, 2018, Serial No. 87515461.

## FIRST COUNTERCLAIM
### CANCELLATION OF FEDERAL REGISTRATION OF TRADEMARK

**Fraud in the Procurement of Registration of Trademark pursuant to 15 U.S.C. §1064(3)**

64. Jane Eugene incorporates and realleges paragraphs 40 through 63 set forth above as if fully set forth herein.

65. Upon information and belief, Carl McIntosh knowingly made false, material representations of fact in connection with his federal service mark application in Class 041 for entertainment services, Serial No. 87515461, with an intent to mislead the USPTO, which application was refused and which he later abandoned.

66. Jane Eugene is likely to be damaged by the continued registration of Carl McIntosh's U.S. Trademark Registration No. 5337684 of "Loose Ends" for goods in Class 09, in that Carl McIntosh is attempting to wield it as a weapon for entertainment services in which his own service mark application, Serial No. 87515461, was refused and abandoned.

67. The continued validity of Carl McIntosh's Registration in Class 09 unlawfully interferes with Jane Eugene's lawful right to use the name, mark, and style of "Loose Ends" for entertainment services.

68. By reason of the foregoing, Trademark Registration No. 5337684 should be cancelled pursuant to Lanham Act §37 (15 U.S.C. § 1119).

## SECOND COUNTERCLAIM

## TORTIOUS INTERFERENCE WITH CONTRACT

69. Jane Eugene incorporates and realleges paragraphs 40 through 68 set forth above as if fully set forth herein.

70. Jane Eugene was a party to a valid, binding, and enforceable contract (the "Contract") with a third-party, Soiled Dove Underground (the "Third-Party"), to perform two shows (the "Shows") in Denver Colorado (the "Venue") on or about June 25, 2022.

71. Pursuant to the Contract, Jane Eugene was to perform under the name "Jane Eugene (formerly of Loose Ends)."

72. At all relevant times, Carl McIntosh was aware of the existence and terms of the Contract.

73. At all relevant times, Carl McIntosh was aware that Jane Eugene was to perform under the name "Jane Eugene (formerly of Loose Ends)."

74. On May 5, 2022, Carl McIntosh, through counsel, contacted the Third-Party and its agents, and the Venue, for the express purpose of interfering with the Contract.

75. Specifically, Carl McIntosh, through counsel, advised the Third-Party and its agents, and the Venue, that: (1) McIntosh "is the trademark owner of 'Loose Ends,'"; (2) McIntosh "is currently in trademark litigation with Jane Eugene,"; and (3) McIntosh would pursue litigation against the Third-Party and its agents if Jane Eugene was allowed to perform at the Venue pursuant to the terms and conditions of the Contract.

76. At the time McIntosh threatened the Third-Party and its agents with litigation, McIntosh knew that Jane Eugene was being billed under the name "Jane Eugene (formerly of Loose Ends)."

77. Jane Eugene, through counsel, demanded of McIntosh, through counsel, that he retract such litigation threat. McIntosh refused to retract the threat.

78. Jane Eugene, through counsel, demanded of McIntosh, through counsel, that he send written confirmation to the Third-Party that Jane Eugene could proceed under the Contract using the name "Jane Eugene (formerly of Loose Ends)." McIntosh refused to issue such clarification.

79. Carl McIntosh's interference with the Contract was intentional.

80. Carl McIntosh's interference with the Contract had no justification and was intended solely to damage Jane Eugene.

81. Carl McIntosh's interference with the Contract caused the Third-Party to cancel both shows and breach the Contract.

82. The cancelation and breach of the Contract would not have occurred but for the acts and omissions of McIntosh.

83. Jane Eugene has been damaged in an amount to be determined at trial as a result of McIntosh's acts and omissions.

## THIRD COUNTERCLAIM

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

84. Jane Eugene incorporates and realleges paragraphs 40 through 83.

85. Jane Eugene has business relationships with the Third-Party and other third-parties.

86. McIntosh has interfered with, and, upon information and belief, continues to interfere with Jane Eugene's business relationships.

87. McIntosh has acted, and, upon information and belief, continues to act, with the sole purpose of harming Jane Eugene's business relationships and reputation through unfair and/or dishonest means.

88. McIntosh's acts and omissions have damaged, and continue to damage Jane Eugene in an amount to be determined at trial.

### FOURTH COUNTERCLAIM
### DECLARATORY JUDGMENT

89. Jane Eugene incorporates and realleges paragraphs 40 through 88.

90. McIntosh's acts and omissions are causing Jane Eugene irreparable harm for which there is no remedy at law.

91. Accordingly, Jane Eugene is entitled to preliminary and permanent injunctive relief.

WHEREFORE, Jane Eugene respectfully requests the Court to enter judgment against Carl McIntosh as follows:

    A.    Dismissing the Complaint in its entirety with prejudice;

    B.    On Jane Eugene's First Counterclaim, ordering the cancellation of Trademark Registration No. 5337684 pursuant to Section 37 of the Lanham Act (15 U.S.C. §1119);

    C.    On Jane Eugene's Second and Third Counterclaims, awarding damages in favor of Jane Eugene, in an amount to be determined at trial;

    D.    On Jane Eugene Fourth Counterclaim, declaratory judgment;

    E.    An Award of Jane Eugene's costs, including reasonable attorneys' fees; and

    F.    Such other and further relief as the Court deems just and proper.

- 14 -

Dated: June 16, 2022
      Buffalo, New York

                                    GROSS SHUMAN P.C.

                                    By: */s/ B. Kevin Burke, Jr.*
                                        B. Kevin Burke, Jr., Esq.
                                  *Attorneys for Defendant Jane Eugene, a/k/a Jane Peters*
                                  465 Main Street, Suite 600
                                  Buffalo, New York 14203
                                  Tel: (716) 854 4300
                                  kburke@gross-shuman.com

## VERIFICATION

STATE OF CALIFORNIA )
) SS:
COUNTY OF Los Angeles )

    JANE EUGENE, a/k/a JANE PETERS, being duly sworn, deposes and says that she is a Defendant in the within action; that she has read the foregoing Verified Answer with Counterclaims and knows the contents thereof and that the same is true to the best of her knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters she believes it to be true.

                                                      JANE EUGENE, a/k/a JANE PETERS

Sworn to before me this 16 day of
June, 2022.

_____
Notary Public

BENNY LAKATOS
Notary Public - California
Los Angeles County
Commission # 2284728
My Comm. Expires May 8, 2023